UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ANGELA WAHAB, on behalf of herself and
all others similarly situated.,

                    Plaintiffs,                      1:24-cv-05641 (ALC)

                    -against-                      **OPINION AND ORDER**

EVOLUTIONS HAIR SALON, LLC.

                    Defendant.
------------------------------------------------------------ x

**ANDREW L. CARTER, JR., United States District Judge:**

      Angela Wahab ("Plaintiff"), a visually impaired individual, brings this lawsuit on behalf of herself and others similarly situated, against Evolutions Hair Salon, LLC ("Defendant") for its alleged failure to design, construct, maintain, and operate its business website to be fully accessible to and independently usable by blind or visually-impaired people. Plaintiff claims this failure violates both Title III of the American with Disabilities Act[1] ("ADA") and the New York City Human Rights Law[2] ("NYCHRL"). Now before the Court is Defendant's Motion to Dismiss the Complaint (the "Motion") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6). Dkt No. 9. In its Motion, Defendant asserts that (1) Plaintiff lacks standing to bring this action; (2) Plaintiff's ADA claim is moot because Defendant has remedied any alleged ADA violations; (3) the Complaint fails to state a claim upon which relief may be granted; (4) Plaintiff is not entitled to civil damages under the NYCHRL; and (5) Plaintiff's claim for declaratory relief is duplicative of its other claims. For the reasons that follow, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED. As discussed in greater detail below, because

---

[1] 42 U.S.C. §§ 12182
[2] N.Y.C. Admin. Code § 8-107

standing is a gating issue that the Court has resolved in Defendant's favor, the Court declines to consider or rule on the remainder of Defendant's Motion. Plaintiff is GRANTED leave to amend her Complaint.

## BACKGROUND

Plaintiff is a visually impaired and legally blind individual that requires screen-reading software[3] to browse the web and read website content on her computer. Dkt. No. 1 at ¶ 2. In general, in order for screen-reading software to work, the information displayed on a given webpage must be capable of being rendered into text. *Id*. at ¶ 33. The World Wide Web Consortium, an international website standards organization, has created and published guidelines for making websites accessible to blind and visually impaired people. *Id*. at ¶ 34. Websites that depart from these guidelines may have access barriers (such as hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, the requirement that some events be performed solely with a mouse, and/or broken hyperlinks) that can impede the effectiveness of software used by visually impaired people, and by extension, their ability to navigate these online platforms. *Id*. at ¶¶ 44–45.

Plaintiff is also a serial litigant. In the past two years, she has filed 67 lawsuits in this district (i.e., the United States District Court for the Southern District of New York) alone.[4] Every

---

[3] Specifically, Plaintiff uses NonVisual Desktop Access ("NVDA") screen-reading software. Dkt. No. 1 at ¶ 32.
[4] When assessing a motion to dismiss, a court "may take judicial notice" of "the fact" of other "litigation." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). A search of the plaintiff on LexisNexis's Courtlink reveals that plaintiff has filed 67 cases, including this case, in the past two years. *See* https://advance.lexis.com/search/?pdmfid=1519217&crid=e7b1cc48-c2f1-42fa-ae45-5c2ff6d8fcf6&pdsearchterms=(plaintiff-litigant(%22ANGELA+WAHAB%22))&pdstartin=hlct%3A1%3A1&pdcaseshlctselectedbyuser=false&pdtypeofsearch=searchboxclick&pdsearchtype=SearchBox&pdqttype=and&pdpsf=hlct%3A1%3A1&pdquerytemplateid=&ecomp=h6pwk&earg=pdpsf&prid=f4fc7b65-c91d-4ca2-9ac7-577954843893.

single one of the 67 lawsuits involve a claim brought under the ADA. *See* supra n. 4.

Defendant Evolutions Hair Salon, LLC is a business that specializes in curly hair care through its salon services and product offerings. Dkt. No. 1 at ¶ 23. Defendant operates a website for its business at the following web address: www.curlevolution.com (the "Website"). *Id*. at ¶ 4. Defendant allegedly offers both products and services for curly hair, including Olaplex Shampoo. *Id*. at ¶¶ 42–43.

On several separate occasions, but most recently on May 20, 2024, Plaintiff visited the Website to try to purchase Olaplex Shampoo. *Id*. at ¶¶ 10, 20–21. Plaintiff was unable to complete her purchase because the Website contained access barriers that impeded Plaintiff's ability to use her screen-reading software. *Id*. at ¶¶ 43–45. These access barriers allegedly included, among other things, missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, the requirement that some events be performed solely with a mouse, and broken hyperlinks. *Id*. Plaintiff provides no details about which barriers existed on which parts of the website, how any given barrier prevented her from navigating the website, or when during her browsing experience she encountered these access barriers.

On July 25, 2024, Plaintiff filed this lawsuit seeking damages, a permanent injunction, and declaratory relief. *Id*. at ¶¶ 89(a)–89(h). On October 8, 2024, Defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 9. On October 29, 2024, Plaintiff filed her Opposition to Defendant's Motion (Dkt. No. 10), and on November 5, 2024 Defendant filed its Reply (Dkt. No. 11). This Opinion and Order resolves the pending Motion.

**STANDARD OF REVIEW**

I.     **Federal Rules of Civil Procedure 12(b)(1)**

Rule 12(b)(1) allows for a case to be dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When deciding a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

    a.  **Standing**

Here, Defendant claims that this suit should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks standing to bring this suit. Dkt. No. 9 at 7–13. To establish standing under Article III of the Constitution, a plaintiff must satisfy three requirements. First, the "plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical,"; second, the plaintiff must demonstrate a "causal connection between the injury and the conduct complained of"; and third, "it must be likely, as opposed to merely speculative, that the injury

4

will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In the context of an ADA suit specifically, standing exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits [to the at-issue website]" that the plaintiff would continue to access the public accommodation." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). Here, Defendant challenges the sufficiency of Plaintiff's allegations with respect to the first and third factors of this three-factor test. *See* Dkt. No. 9 at 5–13. As discussed in greater detail below, the Court concludes that Plaintiff's allegations fail to demonstrate standing. Therefore, the Complaint must be dismissed.

## DISCUSSION

### I. *Kriesler* Factor One

With respect to the first factor of the standing analysis, Defendant argues that the Court should dismiss the Complaint because Plaintiff has failed to allege a past injury-in-fact that would give her standing to bring this suit under Article III of the Constitution. Dkt. No. 9 at 7–13. In support of this argument, Defendant claims that (a) Plaintiff's Complaint only contains "boilerplate and conclusory allegations that are found in . . . 66 other lawsuits she has filed in this District" and that these allegations fail to explain how, when, and where she encountered and was injured by the access barriers on the Website; (b) Defendant's business records show that the Olaplex Shampoo was not viewed by any user on May 20, 2024[5]; and (c) Plaintiff has failed to

---

[5] The Court did not consider Defendant's argument with respect to its business records, as this allegation was beyond the scope of the complaint and thus improper to consider on a motion to dismiss.

allege why she needs to purchase the Olaplex Shampoo from Defendant when it is widely available from other sources. *Id*.

Plaintiff claims the seven access barriers she alleges she encountered while browsing the Website is sufficient to satisfy the first factor. Dkt. No. 10 at 5–6. Plaintiff further contends that she need not describe in detail the specific access barriers she encountered, nor when or how she encountered them, as the list of the seven access barriers listed in the Complaint alone are enough to satisfy the low pleading standard outlined in Fed. R. Civ. P. 8. *Id*. at 7. This Court disagrees. "In evaluating standing, 'it is not enough for a plaintiff to allege [the existence of] conditions that violate the ADA.' Rather, 'a plaintiff can establish a direct injury sufficient to support standing only if she 'personally encounters the barrier to access' that caused her [alleged] injury." *Wahab v. Surya Nature, Inc.*, No. 24-cv-384, 2025 U.S. Dist. LEXIS 51775, at *9 (S.D.N.Y. Mar. 20, 2025) (internal citations omitted). Plaintiff's failure to do so here is thus fatal to her claims.

It is worth noting that even if Plaintiff's allegations might have been sufficient to allege an injury if viewed in isolation, such a finding in this case would be inappropriate against the backdrop of Plaintiff's 66 other lawsuits that contain similar boilerplate allegations. In *Calcano*, the Second Circuit made clear that conclusory, boilerplate allegations do not establish standing. *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 71 (2d Cir. 2022). The same applies here.[6]

---

[6] To be clear, Plaintiff's status as a serial litigant alone does not compel this result. Rather, the Court's finding that Plaintiff's allegations are vague and boilerplate with respect to the injury alleged in this suit is what warrants dismissal of this case.

**II.     *Kriesler* Factor Three**

The third factor of the *Kriesler* test examines whether an ADA plaintiff is likely to continue to visit or access the public accommodation. With respect to the third factor, Plaintiff's allegations in the Complaint that she intends to return to the website to purchase the Shampoo are insufficient. Nowhere in the Complaint does Plaintiff allege that the Olaplex Shampoo is a product uniquely made, created, manufactured, or distributed solely by Defendant. Given this omission, Plaintiff's claims that she will return to the Website to purchase the Shampoo if the access barriers are resolved ring hollow, as they do not explain why Plaintiff would need to purchase the Shampoo from Defendant, especially in light of the other lawsuits filed by Plaintiff with similar language. Plaintiff's allegations thus fail to evince an intent to return to the Website.

In her Opposition brief, Plaintiff attempts to bolster her claim with respect to the third *Kriesler* factor by stating that she wishes to sign up for Defendant's newsletter which is only available through the Website. Dkt. No. 10 at 2. However, that is not what Plaintiff says in the Complaint. The Complaint states that ". . . consumers may also use Defendant's Website to sign up to receive product updates, product news, and receive special promotions not available elsewhere." Dkt. No. 10 at ¶ 19. This argument by Plaintiff is thus raised for the first time in opposition to Defendant's Motion and would require the Court to look beyond the four-corners of the Complaint. To do so would be inappropriate on a motion to dismiss. For this reason, Plaintiff's argument with respect to factor three fails.

For the reasons outlined above, Defendant is entitled to dismissal of this suit pursuant to Rule 12(b)(1). Because the Court concludes that Plaintiff has failed to establish standing and

7

standing is a pre-requisite to this Court's jurisdiction to hear this matter, the Court declines to reach a decision on the rest of Defendant's arguments.

### III. Plaintiff's Remaining Claims Must Also Be Dismissed

#### a. Plaintiff's NYCHRL Claim

Plaintiff's NYCHRL claim is governed by the same standing requirements as her ADA claim. *See Mendez v. Apple Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. 2019). The Court has concluded that Plaintiff lacks standing to bring this suit under the ADA. Therefore, Plaintiff also lacks standing to bring her claim under the NYCHRL. Plaintiff's NYCHRL claim is thus dismissed.

#### b. Plaintiff's Claim for Declaratory Relief

Plaintiff's claim for declaratory relief must also be dismissed because "[a] request for relief in the form of a declaratory judgment does not constitute an independent cause of action." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021); *see also Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) ("[a] plaintiff cannot maintain a claim for a declaratory judgment where the underlying substantive claim has been dismissed since the Declaratory Judgment Act only created a procedural mechanism and not an independent cause of action."). Given the dismissal of Plaintiff's ADA claim, which is the underlying substantive claim here, Plaintiff's declaratory relief claim must also be dismissed.

### IV. Leave to Amend the Complaint

Plaintiff seeks leave to amend her Complaint. "When a complaint is dismissed for lack of standing, courts generally give the plaintiff leave to file an amended complaint." *Dawkins v. Schott NYC Corp.*, No. 22-cv-3617, 2023 WL 6283285, at *5 (E.D.N.Y. 2023); *accord*

*Dominguez v. Grand Lux Cafe LLC*, No. 19-cv-10345, 2020 WL 3440788, at *4 (S.D.N.Y. 2020). Indeed, Rule 15(a)(2) states "the court should freely give leave when justice so requires," and the Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178).

Given the copy-and-paste nature of this Complaint, the Court is not completely convinced that "'the flaws in [the Complaint] are [curable].'" *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (quoting *Fort Worth Employers' Ret. Fund v. Biovail Corp.*, 615 F. Supp. 2d 218, 233 (S.D.N.Y. 2009)). However, because Plaintiff has yet to amend her Complaint in this matter, the Court will afford Plaintiff the opportunity to amend the Complaint to attempt to cure its deficiencies. Defendant's request that Plaintiff be equitably barred from maintaining this lawsuit is thus **DENIED.**

## CONCLUSION

For the foregoing reasons, Defendants' Motion is hereby **GRANTED**; Defendant's request that Plaintiff be barred from maintaining this lawsuit is **DENIED**. Plaintiff is hereby **GRANTED** leave to amend her Complaint, and must do so by August 29, 2025. The Clerk of the Court is respectfully directed to terminate the pending motion at Dkt. No. 9.

**SO ORDERED.**
**Dated:    August 19, 2025**
**          New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**